UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                                            )<br>      Plaintiff,                          )<br>                                                            )<br>v.                                                        )<br>                                                            )<br>KIMBERLY RACHELLE VAUGHN,   )<br>                                                            )<br>      Defendant.                     )  | Case No. 6:12-cr-00029-GFVT-HAI<br><br>**ORDER** |

*** *** *** ***

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 147.] Defendant Kimberly Vaughn Crawford has been charged with a violation of her supervised release. In 2013, Ms. Vaughn was sentenced to 120 months of imprisonment followed by lifetime supervised release after being found guilty of one count conspiracy to manufacture 50 grams or more of a methamphetamine mixture and one count conspiracy to distribute 50 grams or more of a methamphetamine mixture. *Id.* at 1.

The United States Probation Office now charges Ms. Vaughn with violating six conditions: one Grade-A violation, one Grade-B violation, and four Grade-C violations. *Id.* at 3-4. Her Grade-A violation stems from her committing another federal, state, or local crime. *Id.* at 3. Ms. Vaughn's possession of a controlled substance led to her Grade-B violation. *Id.* Ms. Vaughn's first Grade-C violation stems from her possessing a firearm despite being a convicted felon. *Id.* Ms. Vaughn's second Grade-C violation stems from her failure to report any contact with law enforcement to her probation officer within 72 hours. *Id.* Ms. Vaughn's third Grade-C violation stems from her frequenting places where controlled substances are illegally sold, used,

distributed, or administrated. *Id.* at 4. Ms. Vaughn's last Grade-C violation stems from her possession of a controlled substance. *Id.*

Ms. Vaughn appeared before Judge Ingram for an initial appearance pursuant to Federal Rule of Criminal Procedure 32.1. [R. 141.] During the hearing, Ms. Vaughn competently, knowingly, voluntarily, and intelligently waived her right to a preliminary hearing. *Id.* The United States then moved for interim detention. *Id.* Based on the heavy defense burden under 18 U.S.C. § 3143(a), Judge Ingram remanded Ms. Vaughn to the custody of the United States Marshal. *Id.*

On September 18, 2023, Ms. Vaughan appeared before Judge Ingram for her final hearing. [R. 146.] There, she stipulated to violation number one, and the United States made an oral motion for dismissal of remainder of violations. *Id.* Judge Ingram found that Ms. Vaughn "competently, knowingly, voluntarily, and intelligently" stipulated to the violation. *Id.*

Section 3583(e)(3) provides that the maximum penalty for a supervised release violation hinges on the severity of the underlying offense of conviction, which in this case were two Class A felonies for conspiracy to manufacture and distribute methamphetamine. [R. 147 at 5.] Thus, the conviction carries a five-year maximum period of incarceration following a revocation. 18 U.S.C. § 3583(e)(3). The conviction also carries no maximum term of supervised release upon revocation. *See* 21 U.S.C. § 841(b)(1)(C). Judge Ingram analyzed the Policy Statements in Chapter 7 and determined, given Ms. Vaughn's criminal history category of VI (at the time of her original conviction), the fact she was on supervision for a Class A felony, and her admission of a Grade A violation, that Ms. Vaughn's range of revocation is fifty-one to sixty months under the Guidelines. *Id.* at 6.

During the final hearing, the parties also presented their recommended sentences. The Government recommended a below-Guidelines sentence of forty-two-month term of incarceration followed by two years of supervised release. [R. 147 at 6.] It argued that the passage of the First Step Act caused drug offenses to no longer qualify as aggravators under 21 U.S.C. § 851. *Id.* at 6–7. Thus, had Ms. Vaughn been sentenced under the First Step Act originally, then her Guideline Range on this revocation matter would be thirty-three to thirty-six months. *Id.* at 7. Therefore, the government's recommendation is nine months below the actual Range and six months above the Range had Ms. Vaughn been sentenced under the First Step Act. *Id.* Further, the government noted that Ms. Vaughn's husband exerted undue influence over Ms. Vaughn, prompting her to return to drug use and trafficking. *Id.* at 11. On the other hand, Ms. Vaughn recommended a below-Guidelines sentence of twenty-four months, followed by a two-year term of supervised release. *Id.* at 6.

After hearing both arguments, Judge Ingram evaluated the entire record and considered all Section 3553(a) factors imported into the Section 3583(e) analysis, as well as the Guidelines Range. Ultimately, Judge Ingram recommended revocation with a term of incarceration of thirty-six months. *Id.* at 12. He also recommended a reimposition of supervised release, for two years, with conditions previously imposed. *Id.* Lastly, Judge Ingram recommended that Ms. Vaughn be placed in FMC Lexington to be closer to her family. *Id.*

Judge Ingram reasoned the fact that Ms. Vaughn returned to trafficking shows she always poses a risk of relapsing into harmful behavior. *Id.* at 9. Ms. Vaughn also has an extensive criminal history, suggesting her many contacts with the criminal justice system have not provoked permanent change. *Id.* at 9-10. Further, although Ms. Vaughn succeeded on supervised release for three-and-a-half years, due to her susceptibility, a significant sentence is

warranted for the purposes of deterrence and protection of the community. *Id.* at 10. Lastly, Judge Ingram considered the hypothetical post-First-Step-Act revocation Guidelines Range of thirty-three to forty-one months as an appropriate time frame. *Id.* To do otherwise would create disparities with similarly situated defendants who happen to be sentenced later in time, undermining the goal of the Guidelines. Given the severe breach of the Court's trust inherent in Ms. Vaughn's violations, Judge Ingram found that a sentence of thirty-six months, as well as a two-year period of supervised release, is sufficient, but not greater than necessary, to address the pertinent sentencing factors. *Id.* at 11–12.

The Report and Recommendation advises the parties that objections must be filed within fourteen days of service. *Id.* at 12; *see* 28 U.S.C. § 636(b)(1). More than fourteen days have passed, and no party has objected to the Report and Recommendation. Instead, Ms. Vaughn has filed a waiver of allocution. [R. 148.] Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

4

1. The Report and Recommendation **[R. 147]** is **ADOPTED** as and for the Opinion of the Court;

2. Ms. Vaughn is found **GUILTY** of one portion of Violation #1, specifically that Ms. Vaughn committed the Grade A violation of felony methamphetamine trafficking;

3. Ms. Vaughn's supervised release is **REVOKED**;

4. Ms. Vaughn is **SENTENCED** to a term of incarceration of thirty-six (36) months with twenty-four (24) months of supervised release to follow; and

5. The Court recommends that the Bureau of Prisons place Ms. Vaughn in FMC Lexington.

This the 30th day of October, 2023.

Gregory F. Van Tatenhove
United States District Judge